IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RICKY VINCENT PENDLETON,**
        **Petitioner,**

v.                                                       Civil Action No.: 3:17-CV-130
                                                               (GROH)

**RALPH TERRY, Acting Warden,**
        **Respondent.**


## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

This case is before the undersigned for consideration of *pro se* Petitioner Ricky Vincent Pendleton's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 1. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure 2.

### II.    FACTUAL AND PROCEDURAL HISTORY

On October 23, 2017, Petitioner filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1.  On October 27, 2017, Petitioner paid the $5.00 filing fee.  ECF No. 4. Petitioner challenges his conviction and sentence, alleging a fundamental miscarriage of justice, in relation to his state court conviction in the Circuit Court of Berkeley County, West Virginia.

In 1996, Petitioner was prosecuted in federal and states courts simultaneously for various felony offenses which occurred on the same date and which involved the

same victim.  Following his federal and state convictions, Petitioner filed a number of appeals and habeas actions in both federal and state courts.

### A. Conviction in Federal Court[1]

On January 3, 1996, Petitioner was indicted in the United States District Court for the Northern District of West Virginia for motor vehicle theft (carjacking) in violation of 18 U.S.C. § 2119 and aiding and abetting in violation of 18 U.S.C. § 2, in 3:96-CR-1. The victim of this offense was Ryan Frankenberry.  ECF No. 1.  On June 13, 1996, Petitioner was convicted by a jury of the crimes charged in the indictment.  ECF No. 41. On December 16, 1996, Petitioner was sentenced to 151 months of imprisonment.  ECF No. 51.

### B. Federal Court Appeal

Petitioner filed an appeal of his federal conviction with the Fourth Circuit Court of Appeals on December 26, 1996, challenging his federal conviction and sentence for carjacking.  ECF No. 52.  By unpublished per curiam opinion issued November 18, 1997, the Fourth Circuit affirmed Petitioner's conviction and sentence.  ECF No. 59; U.S. v. Pendleton, 129 F.3d 1261 (1997).

### C. Attempts to Obtain Federal Court Post Conviction Relief

On April 23, 2008, Petitioner filed a notice of intent to appeal his federal conviction.  ECF No. 90.  Petitioner sought to appeal the magistrate judge's order which dismissed as unintelligible Petitioner's motions styled "Petition for Discharge and Withdrawal" and "Notice of Request for Tax I.D. Number."  On December 17, 2008, the

---

[1] The facts in Sections II.A., II.B. and II.C. are taken from Petitioner's conviction in N.D.W.Va. criminal action number 3:96-CR-1, unless otherwise noted.

Fourth Circuit dismissed Petitioner's appeal for lack of jurisdiction in an unpublished per curiam opinion in that court's docket number 08-7068.  ECF No. 105.

On January 22, 2010, the Fourth Circuit issued another unpublished per curiam opinion, in that court's docket number 09-7968, which affirmed the district court's order adopting the magistrate judge's recommendation and dismissed Petitioner's petition for a writ of error coram nobis as unintelligible and for failure to raise any cognizable claim for relief.  ECF No. 118.

On April 21, 2017, the Fourth Circuit denied Petitioner's motion for authorization to file a second or successive application for relief under 28 U.S.C.§ 2255.  ECF No. 135.  Petitioner's motion for authorization to file a second or successive application for relief under 28 U.S.C.§ 2254 was denied by the Fourth Circuit on August 24, 2017.  ECF. No. 136.

On June 20, 2016, Petitioner filed in this Court a petition for habeas corpus pursuant to 28 U.S.C. § 2254.  3:16-CV-83, ECF No. 1.  On May 25, 2017, the undersigned filed a Report and Recommendation in that action which recommended, inter alia, that Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.  3:16-CV-83, ECF No. 32.  Judge John Preston Bailey adopted the Report and Recommendation by Amended Order entered July 10, 2017.  3:16-CV-83, ECF No. 37.  Thereafter, the Petitioner filed a motion on April 9, 2018, for relief under Federal Rule of Civil Procedure 60(b), which motion was denied without prejudice by Judge Bailey on May 21, 2018.  3:16-CV-83, ECF Nos. 41, 43.

### D. Conviction in State Court[2]

On May 22, 1996, Petitioner was indicted in the Circuit Court of Berkeley County, West Virginia, case number 96-F-103, on the felony charges of kidnapping, malicious wounding, grand larceny and aggravated robbery. Those charges arose out of the same events and involved the same victim which gave rise to his Federal indictment. Pendleton v. Ballard, 2013 WL 2477245[3], at 1, 4. Following a jury trial, Petitioner was convicted of all counts of the indictment. Id. Subsequently, Petitioner was sentenced to life imprisonment with mercy for kidnapping, two to ten years of imprisonment for malicious wounding, one to ten years of imprisonment for grand larceny, and sixty years of imprisonment for aggravated robbery. Id. Those sentences were ordered to run consecutively to one another and consecutively to Petitioner's federal sentence in 3:96-CR-1. Id.

### E. State Court Appeal

Petitioner appealed his state conviction to the Supreme Court of Appeals of West Virginia which on June 16, 1999, refused the petition for appeal. ECF No. 14-5, Pendleton v. Ballard, 2013 WL 2477245, at *1.

---

[2] The facts in Sections II.D. and II.E. are taken from court decisions available on Westlaw, and from various documents filed in this court's case number, 3:16-CV-83, a proceeding considered under 28 U.S.C. § 2254, with those sources cited as appropriate.

[3] This was a memorandum decision issued by the Supreme Court of Appeals of West Virginia on May 24, 2013 in that court's docket number 12-0653, in the context of an appeal from a denial of habeas corpus by the Circuit Court of Berkeley County, West Virginia. Petitioner later appealed another denial of habeas corpus to the Supreme Court of Appeals in that court's docket number 14-1307, Pendleton v. Ballard, 2015 WL 6955134.

**F.     Attempts to Obtain State Court Post Conviction Relief[4]**

  **1.     Berkeley County Circuit Court Case Number 96-F-103 and West Virginia Supreme Court of Appeals docket number 011208.**

On April 27, 2001, Petitioner, filed a pro se "Petition for an Evidentiary Hearing for Expunging of the State Conviction" in the Circuit Court of Berkeley County in the criminal action number 96-F-103. ECF No. 14-6. Although it is not clear from the available records, it appears that the Circuit Court transferred the petition to the West Virginia Supreme Court of Appeals ("WVSCA" or "Supreme Court of Appeals"), where it was assigned docket number 011208. The Supreme Court of Appeals construed the petition to pray for a writ of mandamus to be directed to the Circuit Court of Berkeley County and the State of West Virginia. The writ was refused on April 1, 2002. ECF No. 14-7.

  **2.     Petition for Habeas Corpus in Berkeley County Circuit Court Case Number 03-C-556**

In May 2002, Petitioner filed a letter dated April 18, 2002, which the court, by order dated May 28, 2002, construed as a petition for habeas corpus in Berkeley County Circuit Court case number 03-C-556. ECF Nos. 14-8, 14-9. On October 1, 2003, with the assistance of court-appointed counsel, Petitioner filed a motion for habeas corpus relief, which asserted 14 grounds for relief. ECF No. 14-11. On June 4, 2004, the Circuit Court of Berkeley County dismissed the petition for habeas corpus relief. The Circuit Court held that because the Petitioner was "incarcerated in the United States penitentiary on a federal sentence and not incarcerated in the State of West Virginia on the State sentences, no West Virginia state facility is his custodian," and

---

[4] The facts in Section II.F. are taken from various exhibits filed in this court's case number, 3:16-CV-83, a proceeding considered under 28 U.S.C. § 2254, unless otherwise noted.

accordingly, he was not entitled to relief.  ECF No. 14-12 at 3.  On or about February 25, 2007, Petitioner was transferred from federal custody to state custody.  ECF No. 14-15.

### 3. Petition for Writ of Prohibition in Berkeley County Circuit Court Case Number 07-C-679

On July 11, 2007, Petitioner filed a *pro se* Petition for Writ of Prohibition in the Circuit Court of Berkeley County, West Virginia in case number 07-C-679.  ECF No. 14-16.  The Circuit Court of Berkeley County dismissed the Petition with prejudice on July 30, 2007.  ECF No. 14-17.

### 4. Petitions for Various Relief, including Habeas Corpus, in Berkeley County Circuit Court Case Number 08-C-17

Thereafter, in case number 08-C-17, in the Circuit Court of Berkeley County, West Virginia Petitioner filed: (1) a petition for a writ of coram nobis; (2) a petition for a writ of quo warranto; and  (3) a supplemental habeas corpus petition.  ECF No. 14-21.  On August 7, 2008, the Circuit Court dismissed the petitions for writ of coram nobis and writ of quo warranto with prejudice and the petition for supplemental habeas corpus without prejudice.  Id.  The Court noted that the "Petitioner appears to suffer from some delusions and therefore dismisses the petition for habeas corpus without prejudice."  Id.  The Berkeley County Circuit Court later denied Petitioner's motion for reconsideration on that issue.  ECF No. 14-22.

### 5. Appeal of Berkeley County Circuit Court Case Number 08-C-17

On August 12, 2008, Petitioner filed a notice of intent to appeal 08-C-17.  ECF No. 14-23.  On April 14, 2009, Petitioner filed a motion for habeas corpus relief in the

6

WVSCA[5]. ECF No. 14-24. The WVSCA denied the petition for appeal on June 11, 2009. ECF No. 14-25. On August 10, 2009, Petitioner filed a petition for writ of certiorari in the Supreme Court of the United States. ECF No. 14-26. The Supreme Court denied certiorari on January 19, 2010, in that court's docket number 09-6650. ECF No. 14-27; Pendleton v. Ballard, 130 S.Ct. 1139 (2010).

### 6. Motion to Reduce Sentence Filed in Berkeley County Circuit Court Case Number 96-F-103

On September 8, 2009, Petitioner filed a Rule 35 motion to reduce sentence. ECF No. 14-28. On September 11, 2009, the Circuit Court denied Petitioner's motion as untimely. ECF No. 14-29.

### 7. Petition for Writ of Habeas Corpus Filed in Berkeley County Circuit Court Case Number 10-C-172

On March 1, 2010, Petitioner filed another petition for a writ of habeas corpus in Berkeley County Circuit Court in case number 10-C-172. ECF No. 14-30. Therein Petitioner asserted 10 grounds for relief. Id. at 5 – 7. Court-appointed counsel later filed an amended petition for a writ of habeas corpus in Berkeley County Civil Action Number 10-C-670. ECF No. 14-31. On August 24, 2010, the Circuit Court consolidated case number 10-C-172 with case number 10-C-670, so that all subsequent pleadings were filed under 10-C-670. Id.

### 8. Petition for Writ of Habeas Corpus in Berkeley County Circuit Court Case Number 10-C-670.

On August 11, 2010, Petitioner filed another Petition for Writ of Habeas Corpus in Berkeley County Circuit Court which was assigned case number 10-C-670. ECF No.

---

[5] The motion appears to be a copy of a motion for habeas corpus relief that was prepared by counsel and originally filed in the Circuit Court of Berkeley County on October 1, 2003 in case number 03-C-556. Petitioner crossed out various typed words and handwrote in other words next to the struck through text, and indicated it was a pro se filing.

14-34 at 8. The eight grounds for relief he asserted are typewritten and are numbered I through VIII. ECF No. 14-34 at 8. His first ground for relief has three subparts, and his second ground has six subparts. Id. The petition appears to bear the signature of counsel. Id. at 7.

### 9. Petition for Writ of Habeas Corpus Filed in Berkeley County Circuit Court Case Number 10-C-695

On August 20, 2010, Petitioner filed another pro se Petition for Writ of Habeas Corpus, wherein he asserted the identical eight grounds for relief listed in 10-C-670. ECF Nos. 14-32 at 8, 14-34 at 8. On August 31, 2010, the Circuit Court consolidated this petition in case number 10-C-695, with case number 10-C-670, so that all subsequent pleadings were filed under 10-C-670. ECF No. 14-33.

### 10. Berkeley County Circuit Court cases 10-C-172 and 10-C-695 consolidated into 10-C-670.

On November 3, 2010, the Circuit Court dismissed the consolidated petitions, without prejudice, as inconsistent and granted leave to file a single comprehensive petition with an accompanying Losh list. ECF No. 14-35. On April 27, 2011, Petitioner filed an amended petition, listing twenty-eight assignments of error. ECF No. 14-36 at 8 – 10. On April 26, 2012, the Circuit Court denied Petitioner's amended habeas petition. ECF No. 14-37.

### 11. Appeal of Berkeley County Circuit Court case number 10-C-670.

On May 29, 2012, Petitioner filed a notice of appeal to the WVSCA in that court's docket number 12-0653. ECF No. 14-38. On May 24, 2013, the WVSCA issued a Memorandum Decision which affirmed the Circuit Court's denial of Petitioner's habeas. ECF No. 14-39.

**12.   Motion to Reduce Sentence and Relief Pursuant to Rule 35(a) and 60(b) Filed in Berkeley County Circuit Court Case Number 96-F-103**

On January 18, 2013, Petitioner filed a motion for reduction and relief of sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure and Rule 60(b) of the West Virginia Rules of Civil Procedure.  ECF No. 14-41.  Upon review of the motion and the response of the State, the Circuit Court denied Petitioner's motion on February 14, 2013.  ECF No. 14-42 at 5.  In a 15-page Order, the Court found that Petitioner's motion was untimely, being "well outside of the [120 day] statutory time frame for filing [such a] motion."  Id.  On March 18, 2013, the Circuit Court entered an additional order which denied Petitioner's motion to reduce sentence. ECF No. 14-43.

**13.   Petition for Writ of Habeas Corpus Filed in Berkeley County Circuit Court Case Number 14-C-639.**

On September 15, 2014, another petition for a writ of habeas corpus was filed by Petitioner and opened in Berkeley County Circuit Court as case number 14-C-639.  ECF No. 14-44.  According to a Nunc Pro Tunc Order Correcting Clerical Error entered on December 18, 2015, the Court found that Petitioner:

> File[d] his second petition on October 7, 2013, but the Clerk inadvertently filed the Petition in the underlying criminal case 96-F-103.  Further, the Clerk's office wrote "10-C-670" at the top of the petition, which is the case number for the original petition.  Thereafter, a number of filings by the Petitioner regarding his second petition were placed in the 96-F-103 court file.  On September 15, 2014, at the request of the Petitioner, the Clerk opened a new case number—14-C-639—for Mr. Pendleton's second petition.
>    A new case should have been created on October 7, 2013 for Mr. Pendleton's second petition habeas petition. . . By this Order, the official record date of filing of Petitioner's second habeas petition (Case Number 14-C-639) is hereby noted and recognized to be October 7, 2013.

ECF No. 18-38.  On November 26, 2014, the Circuit Court summarily denied and dismissed the petition.  ECF No. 14-45.

### 14. Appeal of Berkeley County Circuit Court case number 14-C-639.

On December 22, 2014, Petitioner filed a Notice of Appeal with the Supreme Court of Appeals in that court's docket 14-1307.  ECF No. 14-46.  On November 6, 2015, the WVSCA issued a Memorandum Decision which affirmed the Circuit Court's denial of Petitioner's habeas.  ECF No. 14-47.

### III.   PETITIONER'S CLAIMS

Petitioner raises nine issues in his present case.  He asserts: (1) that the refusal of the Circuit Court of Berkeley County to address his claims constituted a miscarriage of justice [ECF No. 1 at 5]; (2) that he received ineffective assistance of counsel in his state habeas claim [Id. at 6]; (3) that he received ineffective assistance of counsel in his state trial [Id.]; (4) that his state indictment was defective because it failed to allege the essential elements of malicious assault [Id. at 6, 10]; (5) that there was insufficient evidence presented in state court to convict Petitioner of kidnapping [Id. at 7]; (6) that his state indictment was defective because it failed to allege the essential elements of first degree robbery [Id. at 7 – 8]; (7) that his state indictment was defective because it failed to allege the essential elements of grand larceny [Id. at 8]; (8) that his double jeopardy rights were violated when he was convicted in state court of both first degree robbery and grand larceny [Id.]; and (9) that the state court improperly instructed the jury [Id. at 8 – 9].  For relief, Petitioner asks this Court "to review each ground point-for-point and provide a legal determination on the merit[s] upon considering them provided by the fundamental miscarriage of justice exception."  ECF No. 1 at 11.

### IV.    LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254. As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241 and, therefore, no response is required of Respondent.

### V.    ANALYSIS

As previously noted, Petitioner styles his Petition as a § 2241 Petition for Habeas Corpus relief.  Under federal habeas statutes, however, a state inmate challenging the validity of his confinement under a state conviction and/or sentence must proceed under § 2254.  Section 2254 expressly authorizes federal courts to grant habeas relief to

11

persons within their jurisdiction who are in custody pursuant to state court convictions. Unlike 28 U.S.C. § 2255, which authorizes a habeas corpus remedy for federal inmates, § 2254 does not include a provision implicitly authorizing § 2241 review of convictions and sentences when § 2254 affords an inadequate remedy[6].

The undersigned is of the opinion that Petitioner has not stated any ground for relief under § 2241. He is confined at the Mount Olive Correctional Complex pursuant to the judgment of a state court.  Therefore, to challenge the validity of his conviction and/or sentence, he must utilize § 2254 as the habeas remedy authorized for state inmates. See Gregory v. Coleman, 218 Fed. App'x. 266, (4th Cir. Feb. 20, 2007) (denying certificate of appealability as to district court's judgment construing § 2241 petition challenging conviction as untimely § 2254).  Accordingly, Petitioner's § 2241 Petition should be dismissed as not being properly filed and should be treated as a second or successive § 2254 petition that is barred absent permission from the Fourth Circuit Court of Appeals to file such petition.

Further, Petitioner has already filed a petition pursuant to § 2254, in this Court in 3:16-CV-83.  In that case, the undersigned filed a Report and Recommendation on May 25, 2017, which recommended dismissing with prejudice the petition for habeas corpus under § 2254.  3:16-CV-83, ECF No. 32.  Judge John Preston Bailey adopted the Report and Recommendation on July 7, 2017, and filed an amended order adopting the Report and Recommendation on July 10, 2017.  3:16-CV-83, ECF Nos. 35, 37.  On August 24, 2017, the Fourth Circuit issued an order[7] in docket number 17-342, which

---

[6] See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (recognizing narrow circumstances when § 2255 is inadequate for federal inmates to test validity of his confinement to utilize § 2241).
[7] This order is available for viewing on PACER, in the United States Court of Appeals for the Fourth Circuit case number 17-342, ECF No. 4.

denied Petitioner's motion for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2254.

Moreover, even if the instant petition is considered strictly as a petition filed under § 2241, a review of the Bureau of Prisons inmate locator website, https://www.bop.gov/inmateloc/, reveals that Petitioner was released from federal custody on February 23, 2007, more than eleven years ago. According to the Judgment in a Criminal Case filed on December 16, 1996, Petitioner was subject to supervised release for five years after his release from imprisonment. 3:96-CR-1, ECF No. 51 at 3. Any period of supervision by federal authorities ended five years after Petitioner's release on February 23, 2007, on or about February 23, 2012.

The Supreme Court has clearly stated that a federal court only has jurisdiction to address a matter when there is an ongoing case or controversy. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). The Court more fully addressed this issue in Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78, (1990)(citations omitted) holding:

> Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," and confines them to resolving "'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. To sustain [ ]

> jurisdiction . . . it is not enough that a dispute was very much alive when suit was filed, or when review was obtained in the Court of Appeals. The parties must continue to have a "'personal stake in the outcome'" of the lawsuit.

Consistent with the holdings of the Supreme Court, the Fourth Circuit has restated the case and controversy requirement:

> To be cognizable in a federal court, a suit must be a "real and substantial controversy admitting of specific relief of a conclusive character, as distinguished from an opinion advising what the law would be on a hypothetical state of facts." A case is moot if the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. "[M]oot questions require no answer," and federal courts are without jurisdiction to answer them because federal courts do not have the power to issue advisory opinions. These requirements of the mootness doctrine are rooted in Article III of the Constitution, and extend to appellate review, whether or not the parties have raised the issue.

Giovanni Carandola, Ltd. v. City of Greensboro, 258 F. App'x 512, 515 (4th Cir. 2007) (citations omitted). Recently, in Rose v. Berryhill, No. 16-2377, 2017 WL 3309770 (4th Cir. Aug. 3, 2017), the Fourth Circuit again addressed courts' lack of jurisdiction where a case or controversy has become moot. "Mootness principles derive from the requirement in Article III of the Constitution that federal courts may adjudicate only disputes involving a case or controversy." 2017 WL 3309770, at *1, quoting Williams v. Ozmint, 716 F.3d 801, 808 (4th Cir. 2013). The Fourth Circuit reiterated that, "A change in factual circumstances can moot a case on appeal, such as when the plaintiff receives the relief sought in his or her claim, or when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff." Id. (quoting Williams 716 F.3d at 809). The Court instructed that, "[i]f a live case or controversy ceases to exist after a

14

suit has been filed, the case will be deemed moot and dismissed for lack of standing." Id. (quoting Pender v. Bank of Am. Corp., 788 F.3d 354, 368 (4th Cir. 2015)).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** September 26, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE
