IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RICKY LEE PENDLETON,**

    Petitioner,

v.
                                            **CIVIL ACTION NO. 3:17-CV-130
(BAILEY)**

**RALPH TERRY,** Acting Warden**,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on September 26, 2018, wherein he recommends this Court dismiss the petitioner's § 2241 petition without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket indicates the petitioner accepted service on October 1, 2018 [Doc. 7]. Petitioner timely filed his objections on October 15, 2018 [Doc. 9]. Accordingly, this Court will conduct a *de novo* review of those portions of the R&R to which objections were made; the remainder of the R&R will be reviewed for clear error.

## Discussion

Petitioner is serving, among other things, a sentence of life with mercy after being found guilty at trial of (1) kidnapping with a recommendation of mercy; (2) malicious assault; (3) grand larceny; and (4) aggravated robbery. Since that time, petitioner has filed the following: (1) a direct appeal to the Supreme Court of Appeals of West Virginia ("WVSCA"), which was denied; (2) a petition for evidentiary hearing, which was denied; (3) a Motion for Habeas Corpus with the Circuit Court of Berkeley County (Case No. 03-C-556), which was dismissed; (4) a Writ of Prohibition (Case No. 07-C-679), which was denied and dismissed; (5) a Writ of Coram Nobis (Case No. 08-C-17), which was denied and dismissed without prejudice; (6) reconsideration of the ruling on the Writ of Coram Nobis, which was denied; (7) another Notice of Appeal of Case No 08-C-17, which was denied; (8) a petition for Writ of Certiorari, which was denied; (9) a Rule 35 Motion to Reduce Sentence, which was denied as untimely; (10) a Petition for Writ of Habeas Corpus in each of three separate cases (Case Nos. 10-C-172, 10-C-695, 10-C-670), which were

consolidated and dismissed without prejudice; (11) a Notice of Appeal in Case No. 10-C-670, which the WVSCA affirmed the Circuit Court's denial of petitioner's habeas petition; (12) a Motion for Reduction pursuant to Rule 35(a) and West Virginia Rule of Criminal Procedure 60(b), which was denied; (13) a petition for Writ of Habeas Corpus in Case No. 14-C-639, which was denied and dismissed; (14) a Notice of Appeal in Case No. 14-C-639, which the WVSCA affirmed the Circuit Court's denial; (15) a § 2254 petition in Case No. 3:16-cv-83, which this Court denied; and (16) a Motion for Relief Pursuant to Rule 60(b)(6), which this Court denied. On April 21, 2017, the Fourth Circuit denied petitioner's motion for authorization to file a second or successive application for relief under 28 U.S.C. § 2255. The Fourth Circuit also denied petitioner's motion for authorization to file a second or successive application for relief under 28 U.S.C. § 2254 on August 24, 2017. On October 23, 2017, the petitioner filed the instant § 2241 petition [Doc. 1].

Petitioner raises nine issues in his present case. He asserts: (1) that the refusal of the Circuit Court of Berkeley County to address his claims constituted a miscarriage of justice; (2) that he received ineffective assistance of counsel in his state habeas claim; (3) that he received ineffective assistance of counsel in his state trial; (4) that his state indictment was defective because it failed to allege the essential elements of malicious assault; (5) that there was insufficient evidence presented in state court to convict petitioner of kidnaping; (6) that his state indictment was defective because it failed to allege the essential elements of first degree robbery; (7) that his state indictment was defective because it failed to allege the essential elements of grand larceny; (8) that his double jeopardy rights were violated when he was convicted in state court of both first degree

robbery and grand larceny; and (9) that the state court improperly instructed the jury. [Doc. 1]. For relief, petitioner asks this Court "to review each ground point-for-point and provide a legal determination on the merit[s] upon considering them provided by the fundamental miscarriage of justice exception." (Id. at 11).

The R&R notes that the petitioner is presently confined at the Mount Olive Correctional Complex pursuant to the judgment of the state court. Therefore, to challenge the validity of his conviction and/or sentence, he must utilize § 2254 as the habeas remedy authorized for state inmates. See **Gregory v. Coleman**, 218 Fed.App'x. 266 (4th Cir. 2007). Accordingly, the petitioner's instant § 2241 petition should be dismissed as not being properly filed and should be treated as a second or successive § 2254 petition which, as previously noted, is barred absent permission from the Fourth Circuit Court of Appeals. As previously noted, this Court already denied the petitioner's § 2254 petition in Case 3:16-cv-83, and the Fourth Circuit issued an Order in Case No. 17-342, which denied petitioner's motion for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2254.

In his Objections, the petitioner reiterates his unhappiness with the unsuccessful streak of post-conviction attempts he has amassed. He essentially seeks once again to relitigate his trial. This Court has reviewed the petitioner's Objections and finds them woefully lacking in merit. Accordingly, the same are **OVERRULED**.

## Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 6]** should be, and is, hereby **ORDERED ADOPTED** for the

4

reasons more fully stated in the magistrate judge's report. The Motion for Leave to Exceed the Page Limitation **[Doc. 8]** is **GRANTED**. The petitioner's Objections **[Doc. 9]** are **OVERRULED**. Accordingly, this Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** November 1, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE